UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br> CARSTEN IGOR ROSENOW,<br><br>                              Defendant. | Case No.:  17cr3430-WQH<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the following motions filed by Defendant Carsten Igor Rosenow: Motion for Reconsideration of Restitution Order (ECF No. 298) and Motion to Unseal Document ECF Nos. 229, 234, 236 & 237 (ECF No. 297).

## I.    Background

On October 19, 2017, a three-count indictment was filed in the above-styled case ("Criminal Case") charging Rosenow with one count of attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(c) and (e); one count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b); and one count of possession

17cr3430-WQH

1    of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §

2    2252(a)(4)(B) and (b)(2). (ECF No. 1.)[1]

3    　　　The Court conducted a jury trial in August 2019. On August 30, 2019, a jury returned

4    a verdict finding Rosenow guilty on counts one and three of the indictment, for attempted

5    sexual exploitation of a child and possession of images of minors engaged in sexually

6    explicit conduct.[2] (ECF No. 198.)

7    　　　On October 18, 2019, U.S. Probation issued the Presentence Investigation Report

8    ("PSR"). (ECF No. 204.) The PSR contained a section entitled, "Victim Impact," which

9    stated that "[t]he provisions of the Mandatory Victim Restitution Act of 1996 apply to this

10   Title 18 offense," and "[a]ttorneys representing the victims in the following image series

11   have submitted requests for restitution for general losses consistent with *Paroline v. United*

12   *States*, [572 U.S. 434 (2014)]: … a victim in the 'Marineland' series, identified as 'Sarah,'

13   … [three victims in] [t]he 'Sweet Sugar' series … [and] a victim in the 'Vicky' series, now

14   identified as 'Lily'…." *Id*. ¶¶ 23–30. This section of the PSR detailed the millions of dollars

15   of losses claimed by these victims.

16   　　　On November 18, 2019, Rosenow, through retained counsel, filed Objections to the

17   PSR. (ECF No. 215.) Rosenow contended that "there is no reliable evidence for the Court

18   to make any findings about the media that allegedly involves the restitution victims

19   identified in the PSR." *Id*. at 8. Rosenow contended that "there is no evidence here about

20   the amount or nature of the images found or their location on any of Mr. Rosenow's media,"

21   and "[t]he government has also not shown the requisite causation and proportionality for

22   restitution purposes." *Id*.

23   　　　On February 6, 2020, the Government filed a Sentencing Memorandum. (ECF No.

24   229.) The Government attached a Child Identification Report ("CIR") from the National

25

26   _____

27   [1] Unless otherwise stated, all citations to "ECF No." are citations to the docket in the above-styled Criminal Case.

28   [2] Count two of the indictment was dismissed without prejudice. (ECF No. 202.)

17cr3430-WQH

1  Center for Missing and Exploited Children ("NCMEC") detailing the child pornography

2  images and videos recovered from Rosenow's devices. (*See id*. at 2; ECF No. 229-1.) The

3  CIR showed that the materials located on Rosenow's devices included 10 known series of

4  child pornography. Of those victims, the Government asserted that three submitted requests

5  for restitution in this case: the victim of the "Marineland" Series, one of the three victims

6  of the "Sweet Sugar" Series (known as "Pia"), and the victim of the "Vicky" Series. The

7  Government asserted that "[o]f the materials defendant possessed, there was one video file

8  depicting 'Pia' of the Sweet Sugar Series, … one video file depicting 'Vicky,'" and "[t]here

9  was one image file depicting the victim of the 'Marineland' series." (ECF No. 229 at 6.)

10  The Government argued that, based upon the supporting documentation filed with the

11  Court, "the Court should award each of the three identified victims in this case $5,000 in

12  restitution, or a minimum of $3,000 in restitution, taking into consideration the factors set

13  forth in [*United States v.*] *Galan*[, 804 F.3d 1287 (9th Cir. 2015)] and *Paroline*." *Id*.

14  On February 18, 2020, Rosenow filed a brief opposing restitution. (ECF No. 234.)

15  Rosenow argued that "[r]estitution is improper because the jury verdicts did not include

16  any of the three files at issue here." *Id*. at 2. Rosenow argued that "[r]estitution is improper

17  because the government has not shown that Mr. Rosenow knowingly possessed the items

18  in question," and "[m]erely showing that items were found on 'cache' or unallocated drive

19  space does not suffice." *Id*. at 3. Rosenow also argued that restitution was improper because

20  "[t]he government has not demonstrated any losses that were proximately caused by Mr.

21  Rosenow, and has failed to disaggregate losses." *Id*. at 4.

22  On February 24, 2020, the Government filed a response to Rosenow's brief opposing

23  restitution. (ECF No. 237.) The Government explained that the "three identified victims

24  [who] submitted claims for restitution pursuant to 18 U.S.C. § 2259 as a result of

25  [Rosenow]'s conviction of possession of child pornography" "have depictions located on

26  two separate devices Defendant had in his possession." *Id*. at 2. "The first device was a

27  black and silver thumb drive identified by the FBI as 'QSD 15'" and "[t]he second device

28  [was] a black thumb drive identified by the FBI as 'QSD 16,'" and "[b]oth thumb drives

17cr3430-WQH

were located in Defendant's home, specifically in the office area." *Id*. At trial, Rosenow stipulated that he possessed the black thumb drive (*see* Gov. Trial Ex. 47) and, as shown in Government Trial Exhibit 32, the black and silver thumb drive was recovered in the same office area next to the black thumb drive. As a result of his conviction of the possession count, Rosenow agreed to forfeit both devices—identified as numbers 10 and 11—in the Stipulation Regarding Forfeiture. (*See* Gov. Trial Ex. 48.) The Government's response brief included screen captures of the file paths on each of the devices for the depictions of "Pia" of the "Sweet Sugar" series, the "Vicky" series (with the victim more recently being referred to as "Lily"), and "Sarah" of the "Marineland" series. (ECF No. 237 at 2–3.) The Government again contended that "[r]estitution is mandatory as Defendant's possession of the visual depictions proximately caused harm to the minors seeking restitution," pursuant to *Paroline* and *Galan*. *Id*. at 4.

On February 26, 2020, the Court conducted the sentencing hearing. (ECF No. 238.) The Court confirmed with Rosenow's counsel that he reviewed and discussed the PSR with Rosenow. (Sentencing Trans. at 3, ECF No. 265.) The Court listed the filings it reviewed, including the filings related to the Government's request for restitution, and then addressed restitution, stating that it would issue a written order explaining its ruling on the request for restitution and addressing Rosenow's objections. *Id*. at 19. The Court sentenced Rosenow to a total of 300 months in the custody of the Bureau of Prisons, followed by lifetime supervised release, restitution of $4,000 per victim for a total of $12,000, a total fine of $100,000, and a special assessment of $200. (ECF No. 238.)

On February 27, 2020, the Court issued a written Order detailing its findings related to the decision to order a total of $12,000 in restitution to the three victims pursuant to 18 U.S.C. §2259 and 18 U.S.C. §3663A. ("Restitution Order," ECF No. 240.) Among other things, the Court found:

> Defendant knowingly possessed visual depictions of minors engaged in sexually explicit conduct. Each of the individuals seeking restitution were identified in the material possessed by Defendant. All victims have submitted documentation of the harm suffered as a result of a new individual possessing

1
2
3
4
5
6

material depicting their childhood abuse. The Court finds that Defendant's conduct has caused harm to the individuals seeking restitution in this case, qualifying each individual [as] a "victim" entitled to restitution under section 2259. The materials in the record establish a causal connection between Defendant's knowing possession of visual depictions of minors engaged in sexually explicit conduct and the losses suffered by each victim as a result of the offense. The evidence of compensable loss submitted by each victim is compelling and reasonable based upon the materials submitted.

7

*Id*. at 3. The Court further found:

8
9
10
11
12

This Court has taken all of the factors set forth in *Paroline* into consideration. The evidence in the record establishes that the materials located on Defendant's devices included materials from the known series of child pornography for each of the three victims seeking restitution: the victim of the "Marineland" Series, one victim of the "Sweet Sugar" Series, and the victim of the "Vicky" Series. Each of these victims have submitted detailed materials in support of their requested restitution.

13
14
15
16
17
18

The materials presented show that the amount of losses for the victim identified in the Vicky series is more than $4 million dollars and that the restitution received to date is approximately $1.2 million. The materials presented to and reviewed by the Court document serious and ongoing emotional and psychological problems because of her images circulating on line. The materials possessed by the Defendant in this case included one video depicting "Vicky".

19
20
21
22
23
24

The materials presented show that three identified victims in the "Sweet Sugar" series have documented over $10,000 in out of pocket expenses. The materials possessed by the Defendant included one video of a victim in the series. The materials presented to and reviewed by the Court document serious and ongoing emotional and psychological problems for this victim because of her images circulating on line, including a reluctance to use the internet. The materials further show that the victim has received significant payments from state and federal courts to date.

25
26
27
28

The materials presented show that the amount of losses for the victim identified in the Marineland series is more than $2.7 million dollars with more than 500 restitution orders to date. The materials presented to and reviewed by the Court document serious and ongoing emotional and psychological problems because of her images circulating on line. The materials possessed

17cr3430-WQH

by the Defendant in this case included one image file depicting the victim of the "Marineland" series.

Each of the victims have suffered serious harm from the trade of their images and the Defendant is responsible for harms proximately caused to the victims having participated in the trade of their images. The economic losses submitted by th[ese] victims are reasonable, and each victim has outstanding losses caused by this Defendant's possession of the images of the victim. In this case, the Defendant possessed a small number of images of each of the victims. The Court will order restitution to each victim in the amount of $4,000. This amount represents a reasonable and circumscribed award imposed in recognition of the indisputable role of this offender in the causal process underlying the victim's losses and taking into consideration the relative size of that causal role.

*Id*. at 4–6.

On February 27, 2020, Rosenow filed a Notice of Appeal. (ECF No. 239.)

On March 2, 2020, the Court conducted a supplemental sentencing hearing regarding the payment schedule for restitution. (ECF No. 246.) As the Court did at the conclusion of the initial sentencing hearing, the Court again advised Rosenow of the appeal rights regarding the supplemental restitution order. (Trans. of Supplemental Sentencing Hearing at 3–5, ECF No. 266.) Rosenow's counsel stated that, "It would be my view that we could simply raise restitution issues with part of that notice [of appeal filed by Rosenow on February 27, 2020]." *Id*. at 4.

On March 3, 2020, the Court issued Judgment. (ECF No. 247.)

On March 4, 2020, Rosenow filed an Amended Notice of Appeal stating that "Rosenow hereby gives an amended notice of appeal to the United States Court of Appeals for the Ninth Circuit from the restitution order entered on February 27, 2020 and the judgment of conviction and sentence entered by the District Court on March 3, 2020." (ECF No. 248.) Rosenow attached the Court's February 27, 2020 Restitution Order to the Amended Notice of Appeal. (ECF No. 248-1.)

On April 27, 2022, the Court of Appeals for the Ninth Circuit issued an opinion affirming the Judgment. *See United States v. Rosenow*, 33 F.4th 529 (9th Cir. 2022). On

17cr3430-WQH

1    October 3, 2022, the Ninth Circuit issued an amended opinion affirming the Judgment and

2    denying the petitions for rehearing and rehearing en banc. *See United States v. Rosenow*,

3    50 F.4th 715 (9th Cir. 2022). The Ninth Circuit opinions reflect that Rosenow raised several

4    issues on appeal, but did not raise any issues related to the Restitution Order.

5           Rosenow subsequently filed a Motion to Vacate, Set Aside, or Correct a Sentence

6    pursuant to 28 U.S.C. § 2255 (ECF No. 271), which was denied by this Court. (ECF No.

7    294.) Rosenow appealed the denial of his § 2255 Motion (ECF No. 295), and the Ninth

8    Circuit denied Rosenow's subsequent request for certificate of appealability related to the

9    denial of his § 2255 Motion. (ECF No. 304.)

10          On April 7, 2023, the three victims who were awarded restitution in Rosenow's

11   Criminal Case initiated a civil action in this Court against Rosenow, *see "Lily," "Sarah,"*

12   *Jane Roe as next friend for "Pia" v. Rosenow*, S.D. Cal. Case No. 23cv644-WQH-DEB

13   ("Civil Case"). The Complaint in the Civil Case begins:

14          1. This is a suit for damages arising out of the Defendant's violations of
15          federal criminal child pornography statutes 18 U.S.C. § 2252 (a)(2) and (b)(1),
            and 18 U.S.C. § 2252 (a)(4)(B) and (b)(2).
16
17          2. 18 U.S.C. § 2255(a) allows victims of child pornography under 18 U.S.C.
            § 2252 to recover liquidated damages in the amount of $150,000 per victim,
18          and the cost of the action, including reasonable attorney's fees and other
            litigation costs reasonably incurred. The Court may also award punitive
19          damages and grant such other preliminary and equitable relief as the Court
20          determines to be appropriate.

21   Civil Case, ECF No. 1 at 1–2. The Complaint recounts the charges, the verdict, and the

22   sentence in the Criminal Case. The Complaint states:

23          On February 27, 2020 the court in the criminal matter entered an Order
24          making findings that each of the Plaintiffs herein is a victim of Rosenow's
            crime as he knowingly possessed depictions of each engaged in explicit sexual
25          conduct while each was a minor and that each Plaintiff herein had suffered
            harm as a result of Rosenow's crime. The court's order further held that
26          Rosenow was proximately responsible for the harm to each of the Plaintiffs
27          as he had participated in the trade of their child pornography images.

28

17cr3430-WQH

*Id*. at 3–4. The Complaint alleges:

20. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000 per victim, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

21. The Defendant was found guilty by a jury of the predicate federal child pornography crime found at 18 U.S.C. §2252(a)(4)(B).

22. 18 U.S.C. § 2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

23. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C.2252(a)(4)(B).

24. In addition to the findings made by the criminal court that Plaintiffs are victims of Rosenow's crime, the United States Supreme Court in *Paroline v. United States*, 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio*, 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber*, 458 U.S. 757, 102 S. Ct. 3348 (1982), held that victims of child pornography crimes suffer de facto personal injury. Plaintiffs are therefore such victims as a matter of law and have each suffered personal injury as a result of Defendant's federal child pornography crimes.

25. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

17cr3430-WQH

1
2  *Id*. at 4–5. The "Relief Requested" in the Complaint reiterates that "the Plaintiffs each

3  request judgment against the Defendant as follows: Liquidated damages in the amount of

4  $150,000 each pursuant to 18 U.S.C. §2255(a); Reasonable attorney's fees pursuant to 18

5  U.S.C. §2255(a); Pre-judgment and post-judgment interest; [and] Such other and further

6  relief as the Court deems just and proper." *Id*. at 5.

7        On May 9, 2023, Plaintiffs filed a return of service indicating that Rosenow was

8  served with the Summons and Complaint in the Civil Case on May 2, 2023. (Civil Case,

9  ECF Nos. 8 & 12.)

10        On July 13, 2023, Plaintiffs filed a First Amended Complaint in the Civil Case,

11  which contains substantially the same allegations as the original Complaint, and attaches a

12  copy of the Court's February 27, 2020 Restitution Order. (Civil Case, ECF No. 19.) The

13  First Amended Complaint contains a certificate of service indicating that it was served on

14  Rosenow.

15        On December 18, 2024, Rosenow filed in the Criminal Case the pending Motion for

16  Reconsideration of Restitution Order (ECF No. 298) and Motion to Unseal Document ECF

17  Nos. 229, 234, 236 & 237 (ECF No. 297). Rosenow requests that the Court "grant

18  reconsideration of the restitution order under Rule 60(b)(l) and Rule 60(b)(6) and/or Rule

19  60(d) [of the Federal Rules of Civil Procedure]." (ECF No. 298 at 22.) Rosenow contends

20  that "[t]he Court's failure to address proximate causation [in the Restitution Order]

21  constitutes clear error," and "[u]nder Rule 60(b)(l) and (6), the Court has the authority to

22  correct clear mistakes in the restitution order, particularly where it was improperly based

23  on evidence that was not part of the underlying criminal conviction." *Id*. at 12. Rosenow

24  contends that, "[g]iven the lack of trial evidence linking Defendant's conviction to [the

25  Civil Case] Plaintiffs' alleged harm, the restitution order is unsupported and warrants

26  reconsideration." *Id*. at 22. Rosenow asserts that his "delay in seeking reconsideration of

27  the restitution order is justified by several factors that only recently brought the underlying

28  errors to light." *Id*. at 9. Rosenow asserts that, "[a]t the time of the restitution order, the

17cr3430-WQH

1  briefings had been sealed and were inaccessible to Mr. Rosenow," and "[d]uring the civil

2  proceedings, it became evident that the images and videos identified by [the Civil Case]

3  Plaintiffs as forming the basis of their claims were never introduced or referenced as

4  evidence during the criminal trial." *Id*. at 9, 10. Rosenow also requests that the Court

5  "unseal" ECF Nos. 229, 234, 236, and 237 in the Criminal Case, which are the briefs related

6  to restitution. (ECF No. 297 at 1.)

7  On January 16, 2025, the Government filed a Response in opposition to Rosenow's

8  Motion for Reconsideration of Restitution Order. (ECF No. 302.) The Government

9  contends that, "[a]lthough fashioned as a motion to reconsider, the motion is in fact a

10  successive habeas petition that this Court does not have jurisdiction to hear." *Id*. at 1. The

11  Government contends that, "[e]ven if the Court were to consider Rosenow's arguments

12  under Rule 60(b), his motion is without merit and should be denied," because "Rosenow

13  has not demonstrated that the almost five-year delay in requesting this 'extraordinary

14  remedy' is excusable," and "[t]he restitution order was proper and mandatory under these

15  facts." *Id*. at 5–7.

16  On January 21, 2025, Rosenow filed Reply. (ECF No. 303.) Rosenow contends:

17
18
19
20
> The restitution order in this case is based on significant factual and legal errors that warrant reconsideration under Rule 60(b). The general verdict's ambiguity, lack of evidence connecting Defendant's conduct and conviction to the victims' images, some of them long deleted, and the absence of proximate cause all support vacating or amending the restitution order.

21  *Id*. at 11. Rosenow contends that, "[s]hould the Court determine that vacatur is not

22  warranted at this stage, the Defendant requests the conversion of this motion into a petition

23  for writ of *coram nobis*, allowing for further briefing." *Id*. at 12.

24  **II.    Discussion**

25  The Government first contends that, because "Rosenow did not challenge the

26  restitution order at the time it was entered or on direct appeal," "[h]is ability to challenge

27  the restitution order is now limited" to requesting that the Court "adjust the restitution

28

1  payment schedule based upon a showing of a material change in Rosenow's economic

2  circumstances under 18 U.S.C. § 3664(k)." (ECF No. 302 at 3.)[3]

3      The Court of Appeals for the Ninth Circuit has held that "nonconstitutional

4  sentencing errors that have not been raised on direct appeal have been waived and generally

5  may not be reviewed…." *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

6  The Ninth Circuit has applied this principle to a challenge of a restitution order. *See United*

7  *States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008) ("Gianelli waived his ability to

8  appeal the amount of restitution ordered in the 1987 judgment by failing to file a direct

9  appeal from that judgment.") (citing, *inter alia*, *United States v. James*, 109 F.3d 597, 599

10  (9th Cir. 1997) (concluding that where a defendant fails to raise an issue in his first direct

11  appeal he waives the issue)). Rosenow does not raise a constitutional challenge to the

12  Restitution Order; instead, he contends that the order was not authorized pursuant to 18

13  U.S.C. § 2259 and caselaw interpreting this statute, *see Paroline v. United States*, 572 U.S.

14  434 (2014), and caselaw interpreting an earlier restitution statute, *see Hughey v. United*

15  *States*, 495 U.S. 411 (1990). As discussed above, although Rosenow filed an amended

16  Notice of Appeal attaching the Restitution Order, Rosenow ultimately did not challenge

17  the Restitution Order on appeal. Accordingly, the Court finds that Rosenow has waived his

18  current challenge to the Restitution Order via Federal Rule of Civil Procedure 60(b).

19      Even if Rosenow had not waived his challenge, the Court would deny his Rule 60(b)

20  challenge as untimely. Rule 60(b) permits relief from final judgments, orders, or

21  proceedings, and has been applied in criminal cases. *See United States v. Martin*, 226 F.3d

22

23

24

25  [3] The Government additionally contends that "[t]he Court should construe Rosenow's motion as a successive § 2255 petition and deny the motion for lack of jurisdiction." (ECF No. 302 at 3.) "[R]eview

26  of restitution orders is not properly brought in a habeas petition." *United States v. Gianelli*, 543 F.3d 1178, 1185 n.7 (9th Cir. 2008) (citing *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002)). While

27  Rosenow could have challenged the Restitution Order on direct appeal, Rosenow could not properly have challenged the Restitution Order in his § 2255 Motion. Accordingly, the Court does not now construe

28  Rosenow's pending motion as a successive § 2255 petition.

11

1042, 1048 n.8 (9th Cir. 2000). A Rule 60(b) motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rosenow invokes Rule 60(b)(1) and (b)(6). (*See* ECF No. 298 at 11.) However, it is clear that Rosenow's motion is premised upon the argument that the Court made an error of law when it entered the Restitution Order. (*See*, *e.g*., ECF No. 298 at 21 ("Given the lack of trial evidence linking Defendant's conviction to Plaintiffs' alleged harm, the restitution order is unsupported and warrants reconsideration. The discrepancies between the trial record and the restitution findings constitute clear error, justifying relief under Rule 60(b) or (d).");[4] ECF No. 303 at 11 ("The restitution order in this case is based on significant factual and legal errors that warrant reconsideration under Rule 60(b).").) The Supreme Court has held that "Rule 60(b)(1) covers all mistakes of law made by a judge," and Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable."

---

[4] Rule 60(d) states: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Rosenow has not initiated "an independent action" and has not otherwise shown how his motion could reasonably be construed as arising under Rule 60(d). To the extent Rosenow brings his motion pursuant to Rule 60(d), it is denied as not cognizable pursuant to that provision.

*Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)). Pursuant to *Kemp*, Rosenow's motion must be construed as arising solely under Rule 60(b)(1) and thus must have been filed no later than one year after the entry of Judgment. *See id*. at 533 ("All [Rule 60(b) motions] must be filed 'within a reasonable time.' But for some, including motions under Rule 60(b)(1), that 'reasonable time' may not exceed one year.") (quoting Fed. R. Civ. P. 60(c)(1)). Rosenow filed the pending Motion for Reconsideration of Restitution Order (ECF No. 298) on December 18, 2024, more than one year after the entry of the February 27, 2020 Restitution Order (ECF No. 240) and the March 3, 2020 Judgment (ECF No. 247). Accordingly, the Motion for Reconsideration of Restitution Order must be denied as untimely.

Even if the Court were authorized to construe the pending motion as being brought pursuant to Rule 60(b)(6), which is not subject to the strict one-year constraint, the Court would nonetheless find the motion to be untimely. Rosenow contends that, at the time of his criminal appeal, his lawyer failed to inform him that the identified victims might use the findings in the Restitution Order to support a civil claim for damages in excess of the restitution amount. (*See* ECF No. 303 at 6.) A lawyer's alleged gross negligence in advising a client regarding the scope of the client's potential liability was not a proper ground for relief from judgment pursuant to Rule 60(b)(6). *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Moreover, Rosenow was served with the summons and Complaint in the Civil Action on May 2, 2023. (Civil Case, ECF Nos. 8, 12.) This pleading makes clear that the Plaintiffs were seeking $450,000 in liquidated damages plus attorney's fees based upon the findings in the Restitution Order. Yet Rosenow waited until December 18, 2024 to file the pending Rule 60(b) motion, which is well outside "the presumptive one-year timeframe suggested by the Rule." *Bynoe v. Baca*, 966 F.3d 972, 981 (9th Cir. 2020). Rosenow contends that this delay is excusable because he could not access the Government's and his counsel's restitution briefs on the Court's electronic docket in the Criminal Case, *see* ECF Nos. 229, 234, 236, and 237. This contention is belied by the

17cr3430-WQH

fact that Rosenow quoted from one of these documents in his motion to dismiss the Civil Action filed on September 14, 2023, *see* Civil Case, ECF No. 21 at 6 (quoting Criminal Case, ECF No. 229). Additionally, the evidentiary basis of his pending motion is the declaration of Arthur Hively and the criminal trial transcript (*see* ECF No. 298 at 5, 10, 14, 17–18, 20), which are fully accessible on the Court's public docket. As discussed above, the Government's request for restitution was contested extensively in the Criminal Case, including at hearings when Rosenow was present, and Rosenow amended his notice of appeal in the Criminal Case to include the Restitution Order. Once the Civil Case was filed and served on him in May 2023, a reasonable person in Rosenow's position would have understood the scope of his potential liability and the legal and factual basis for his current motion. The Court finds that Rosenow's subsequent 19-month delay in filing the pending motion was not reasonable pursuant to Rule 60(c)(1), even if the Court had the authority to construe the pending motion as being brought pursuant to Rule 60(b)(6) rather than Rule 60(b)(1).

Furthermore, even if the Court had the authority to consider the merits of his Motion for Reconsideration of Restitution Order, it would be denied. As discussed above and in more detail in the Restitution Order, the Court found that "[t]he materials in the record establish a causal connection between Defendant's knowing possession of visual depictions of minors engaged in sexually explicit conduct and the losses suffered by each victim as a result of the offense." (ECF No. 240 at 3.) Rosenow contends (as he did previously, *see* ECF No. 234 at 2) that, in the absence of a special verdict, there is no way to know whether the jury found him guilty of possessing images of the victims at issue in the Restitution Order. (ECF No. 298 at 18.) As recognized by *Paroline*, 18 U.S.C. § 2259(b)(3) provides that "[a]n order of restitution under this section shall be issued … in accordance with section 3664." *Paroline*, 572 U.S. at 443. Section 3664 states that "[a]ny dispute as to the proper amount or type of restitution shall be resolved *by the court by the preponderance of the evidence*." 18 U.S.C. § 3664(e) (emphasis added); *see also United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011) ("[T]he government must prove by

17cr3430-WQH

a preponderance of the evidence that Kennedy's offenses proximately caused the losses incurred by Amy and Vicky."). Here, the Court found that the Government proved that the three identified victims were depicted on two thumb drives found in Rosenow's home (including one of which Rosenow stipulated he possessed). (*See* ECF No. 240 at 3–5.) Rosenow also contends (as he did previously, *see* ECF No. 234 at 4) that he did not proximately cause the victim's losses. (ECF No. 298 at 15.) The Court rejected this contention, finding that the Government adequately proved causation and further finding that "[e]ach of the victims have suffered serious harm from the trade of their images and the Defendant is responsible for harms proximately caused to the victims having participated in the trade of their images." (ECF No. 240 at 5.) The Court found that, due to Rosenow "possess[ing] a small number of images of each of the victims," restitution to each victim in the amount of $4,000 "represents a reasonable and circumscribed award imposed in recognition of the indisputable role of this offender in the causal process underlying the victim's losses and taking into consideration the relative size of that causal role." *Id*. at 5–6. Even if the Court had the authority to consider the merits of Rosenow's Motion for Reconsideration of Restitution Order, it would be denied.

Rosenow alternatively "requests the conversion of this motion into a petition for writ of *coram nobis*, allowing for further briefing." (ECF No. 303 at 11.) "The writ of error *coram nobis* affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Est. of McKinney ex rel. McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995) (citing *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) ("The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence.")). Rosenow is currently in custody and thus the writ of *coram nobis* is not available to him. Moreover, Rosenow has failed to show that he is "attack[ing] an unconstitutional or unlawful conviction." *Telink*, 24 F.3d at 45. Accordingly, Rosenow's request to convert the Motion for Reconsideration of Restitution Order into a petition for writ of *coram nobis* is denied as futile.

17cr3430-WQH

1       Finally, Rosenow requests that ECF Nos. 229, 234, 236 and 237 in the Criminal

2  Case be "unsealed." (ECF No. 297.) These documents are not filed under seal, although

3  they are inaccessible to Rosenow in the prison law library. After Rosenow filed his motion,

4  the Government served Rosenow with copies of these filings on December 23, 2024. (*See*

5  ECF No. 302 at 6.) Accordingly, Rosenow's Motion to Unseal Document ECF Nos. 229,

6  234, 236 & 237 is denied as moot.

7    **III.   Conclusion**

8       IT IS HEREBY ORDERED that the Motion for Reconsideration of Restitution

9  Order (ECF No. 298) and the Motion to Unseal Document ECF Nos. 229, 234, 236 & 237

10  (ECF No. 297) are denied. This case remains closed.

11  Dated:  May 15, 2025

12                           Hon. William Q. Hayes

13                           United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17cr3430-WQH